UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No. 2:18-cv-1981-JAM-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in this action brought pursuant to 42 U.S.C. § 1983. His initial complaint alleged that defendants acted with deliberate indifference toward his serious medical needs. ECF No. 1. The court screened that complaint and found that, as articulated, it failed to state a cognizable claim. ECF No. 13. Plaintiff was given leave to amend (*id*.), and he has now submitted an amended complaint (ECF No. 16) which the court must screen. Plaintiff also requests the appointment of counsel (ECF No. 17).

## Screening

### I.  Legal Standards

Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if it

1

fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (*citing Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 562-563 (2007).

II. <u>Analysis</u>

A. <u>Background</u>

Through his amendment, plaintiff added Nurse Martha Travino as a defendant and alleged additional facts in support of his claim against defendant Doctor Renee Smith.

In the operative First Amended Complaint (ECF No. 16), plaintiff alleges that between November 8, 2017 and January 24, 2018 defendant Doctor Renee Smith was deliberately indifferent to his medical needs by failing to address his need for surgery and pain management. ECF No. 16 at 5. In support of this assertion, plaintiff alleges that defendant Smith ignored previous recommendations by several other doctors which interfered with treatment necessary for plaintiff to avoid long-term injury. *Id.* Plaintiff states further that defendant Smith was aware of his need for hand surgery and of the fact that plaintiff was in serious pain resulting from his

injuries including "fractures, broken bones, [and] misalignment of wrist at the radius and ulna bones." *Id.* Additionally, plaintiff contends that with full knowledge of plaintiff's injuries and resulting pain, defendant Smith did not prescribe plaintiff the requested narcotic pain medication and repeatedly ignored his requests for surgical intervention which was at the recommendation of his previous doctor. *Id.* Last, plaintiff claims that as a result of defendant Smith's "repeated delays" (*id.* at 12) he has suffered "unnecessary pain which [has] caused improper healing [and] deformities which led to a permanent injury" (*id.*). Plaintiff asserts that these facts allege deliberate indifference by defendant Smith such that his Eighth Amendment rights were violated. *Id.* at 6.

Next, plaintiff alleges deliberate indifference to his medical needs against defendant Nurse Martha Travino. ECF No. 16 at 8. Plaintiff asserts that defendant Travino violated his constitutional rights when she removed his cast in compliance with defendant Smith's orders. *Id.* at 8. Plaintiff contends that defendant Travino forcefully removed the cast by tugging and pulling on his already injured arm while "smil[ing] as if she enjoyed watching plaintiff suffer." *Id.* at 8-9. Plaintiff further asserts that by "avoiding and ignoring the urgent medical care needs" (*id.*) defendant Travino's actions constituted deliberate indifference sufficient to support a finding that his Eighth Amendment rights were violated (*id.* at 8).

B. Discussion

Plaintiff's complaint, as now articulated, states a cognizable Eighth Amendment claim against defendant Renee Smith but fails to state cognizable claims against defendants CDCR[1] and Martha Travino.

As an initial matter, no claim for monetary damages may proceed against defendant CDCR insofar as it is a state agency and, therefore, immune from suit under the Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth

---

[1] CDCR appears in the caption of the complaint, but is not listed among the defendants. Thus, it is unclear whether plaintiff is pursuing any claim against CDCR. Out of an abundance of caution, the court will address the possibility in this screening order.

Amendment claims against CDCR for damages and injunctive relief were barred by Eleventh Amendment immunity); *Penhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity extends to state agencies).

Second, plaintiff contends that defendants Smith and Travino were deliberately indifferent to his medical needs in violation of his Eighth Amendment rights under 42 U.S.C. § 1983. To prevail on a section 1983 claim for violation of the Eighth Amendment based on inadequate medical care, plaintiff must establish "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). He must show both that his medical needs were objectively serious, and that defendants possessed a sufficiently culpable state of mind. *Wilson v. Seiter*, 501 U.S. 294, 297–99 (1991); *McKinney v. Anderson*, 959 F.2d 853, 854 (9th Cir. 1992). A serious medical need is one that significantly affects an individual's daily activities, an injury or condition a reasonable doctor or patient would find worthy of comment or treatment, or the existence of chronic and substantial pain. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059–60 (9th Cir.1992), *overruled on other grounds by WMX Techs. v. Miller*, 104 F.2d 1133, 1136 (9th Cir. 1997) (*en banc*). Plaintiff has alleged facts reasonably sufficient to establish a serious medical need. Significantly, plaintiff's asserts that the delay in surgery is a result of defendant Smith's failure to properly evaluate his injuries and prescribe the proper treatment. ECF No. 16 at 12. He also claims that defendant Smith ignored his repeated requests for narcotic pain medication. *Id.* Plaintiff argues that Smith's deliberately indifferent treatment caused his arm to become deformed and led to permanent injury. *Id.* For the reasons stated above, plaintiff has alleged a serious medical need.

As such, the court must determine whether plaintiff has sufficiently alleged that defendant Smith acted with deliberate indifference. For a prison official's response to a serious medical need to be deliberately indifferent, the official must " 'know[ ] of and disregard[ ] an excessive risk to inmate health.' " *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc) (*quoting Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Further, inadequate treatment due to medical malpractice, negligence, or even gross negligence, does not rise to the level of a constitutional violation. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (*quoting Estelle*, 429 U.S.

at 105-06)); *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). Here, plaintiff's medical claims appear to be distinguishable from mere negligence or medical malpractice and evidence that defendant Smith knew of and disregarded a substantial risk of harm regarding plaintiff's medical condition. Plaintiff's allegation, for instance, that he notified defendant Smith during a video conference that he had previously been scheduled for surgery while in the custody of the Orange County Sheriff's Department, but that defendant Doctor proceeded to instruct defendant Travino to remove the cast, without looking at plaintiff's x-rays or examining his injuries in person, provides indication that the defendant knew this decision might be risky or dangerous to plaintiff's health but disregarded the risk in her recommendation to forgo immediate surgery. ECF No. 16 at 7.

Plaintiff's allegations in the First Amended Complaint (ECF No. 16) provide an inference that defendant Smith's actions went beyond mere difference in medical opinion and rose to the level of deliberate indifference. It is well established that "a mere difference of medical opinion . . . [is] insufficient, as a matter of law, to establish deliberate indifference." *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (alterations in original) (citation omitted).[2] However, in appropriate cases, a prisoner may state a claim of deliberate indifference to medical needs based on a difference of medical opinion. To do so, the prisoner must show that "the course of treatment the doctors chose was medically unacceptable under the circumstances," and that they "chose this course in conscious disregard of an excessive risk to [the prisoner's] health." *Jackson*, 90 F.3d at 332 (citations omitted). Under this rule, denying an inmate a surgery without performing an honest or sufficient medical evaluation of the patient might constitute deliberate indifference. *Id.* Here, the allegations, taken as true, are sufficient on screening to state an Eighth Amendment claim against defendant Smith.

---

[2] *See also Estelle, 429 U.S. at 107*; *Hamby v. Hammond*, 821 F.3d 1085, 1092 (9th Cir. 2016) (citation omitted); *Colwell v. Bannister*, 763 F.3d 1060, 1068 (9th Cir. 2014) (citation omitted); *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citation omitted); *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996); *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) (citing cases); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981); *Randall v. Wyrick*, 642 F.2d 304, 308 & n.9 (9th Cir. 1981) (citing cases); *Mayfield v. Craven*, 433 F.2d 873, 874 (9th Cir. 1970) (per curiam); *Stiltner v. Rhay*, 371 F.2d 420, 421 n.3 (9th Cir. 1967).

By contrast, plaintiff's Eighth Amendment claim against defendant Travino, as currently articulated, is not cognizable. The complaint does not allege that defendant Travino had a culpable state of mind or explain why her conduct rose to the level of deliberate indifference. The Supreme Court has held that a prison official violates the Eighth Amendment only where he possesses a "sufficiently culpable state of mind." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). That state of mind is one of deliberate indifference to inmate health or safety. *Id.* Generally, defendants are "deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003). Plaintiff explicitly states that defendant Travino removed his cast "under direction of defendant Renee Smith (a medical doctor)." ECF No. 16 at 8. While the allegations that defendant Travino "did forcefully remove" (*id.*) the cast "by tugging and pulling off the cast" (*id.* at 9) causing further pain to plaintiff's arm give pause, it is difficult to conclude that the actions of a Registered Nurse operating in compliance with doctor's orders could rise to the level of deliberate indifference under this rule. *C.f. Wakefield v. Thompson*, 177 F.3d 1160, 1165 (9th Cir.1999) (Following *Estelle*, we have held that a prison official acts with deliberate indifference when he ignores the instructions of the prisoner's treating physician or surgeon). Had defendant Travino removed the cast *against* the doctor's orders, a claim of deliberate indifference may be possible. However, given that defendant Travino was simply following defendant Smith's orders[3], it is not possible to conclude that she possessed a culpable state of mind constituting deliberate indifference.

<u>Leave to Amend</u>

Plaintiff may choose to proceed only with his deliberate indifference claim against defendant Smith. Alternatively, he may choose to amend his complaint again to state (if he can) a cognizable claim against defendant Travino.

/////

---

[3] The court notes that there may be rare instances in which a doctor's orders are so obviously medically suspect that a subordinate could exhibit deliberate indifference merely by complying with them. Smith's alleged orders to defendant Travino in this case do not rise to that level.

6

He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely to his federal allegations that "the form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Nor may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Red. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

/////

/////

<u>Request for Appointment of Counsel</u>

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case. Thus, the court declines to appoint counsel in this case.

<u>Conclusion</u>

Accordingly, it is ORDERED that:

1. Plaintiff's complaint alleges, for screening purposes, a viable Eighth Amendment deliberate indifference claim against defendant Renee Smith.
2. All other claims are dismissed with leave to amend within 30 days from the date of service of this order. Plaintiff is not obligated to amend his complaint.
3. Plaintiff's request for the appointment of counsel (ECF No. 17) is denied.
4. Within thirty days plaintiff shall return the notice below advising the court whether he elects to proceed with the cognizable claim or file an amended complaint. If the former option is selected and returned, the court will enter an order directing service at that time.
5. Failure to comply with any part of this this order may result in dismissal of this action.

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　　　Defendants. | No. 2:18-cv-1981 JAM EFB P<br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

In accordance with the court's Screening Order, plaintiff hereby elects to:

(1) _____ proceed only with Eighth Amendment claim against defendant Smith;

OR

(2) _____ delay serving any defendant and files an amended complaint.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff

Dated:

9