UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:18-cv-1981-JAM-EFB P<br><br><br><br>ORDER |

Plaintiff is confined to a detention center in Nevada, and proceeds without counsel in an action brought under 42 U.S.C. § 1983. This case proceeds on plaintiff's first amended complaint against defendant Smith on an Eighth Amendment deliberate indifference to medical needs claim. *See* ECF Nos. 16, 21. On June 2, 2020, defendant Smith filed a motion to dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, without leave to amend, for failure to state a claim upon which relief could be granted. ECF No. 31. On June 15, 2020, plaintiff filed a motion to amend, accompanied by a proposed second amended complaint. ECF Nos. 33, 34. Defendant opposes plaintiff's motion to amend. ECF No. 37.

Rule 15(a)(1) of the Federal Rules of Civil Procedure allows a party to amend his pleading "once as a matter of course," within 21 days after service of a Rule 12(b) motion to dismiss. In this case, plaintiff filed his motion to amend less than 21 days after defendant moved to dismiss.

This is also plaintiff's first voluntary amendment, as he filed his first amended complaint in response to the court's screening order, which warned of dismissal if he failed to comply and did not limit his right to amend under Rule 15. ECF Nos. 13, 16. Accordingly, plaintiff's second amended complaint exhausts his allowed amendment "once as a matter of course," for the purposes of Rule 15(a). *See Jones v. Bock*, 549 U.S. 199, 214, (2007) ("[T]he PLRA's screening requirement does not—explicitly or implicitly—justify deviating from the usual procedural practice beyond the departures specified by the PLRA itself."); *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004) ("Nothing in the language of the PLRA repeals Rule 15(a).").

Although leave of court is required here, plaintiff's motion to amend must be granted. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). The U.S. Court of Appeals for the Ninth Circuit has held that under this standard, "[a]bsent prejudice, or a strong showing of any of the remaining Foman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 245 (5th Cir. 1997)). None of the factors that would weigh against granting leave to amend are present here. There is no prejudice to defendants, the plaintiff has not engaged in dilatory tactics and the motion is brought if good faith. Further, like its predecessor, the second amended complaint states a cognizable Eighth Amendment claim against defendant Smith.

As before, plaintiff's medical claims are distinguishable from mere negligence or medical malpractice claims because they plausibly allege that Smith knew of and disregarded a substantial risk of harm to plaintiff. Liberally construed, the complaint alleges that plaintiff was seen via telemedicine by defendant Smith on two occasions, November 8, 2017 and January 24, 2018. ECF No. 34 at 9. During each of those visits, plaintiff informed Smith of his needs for increased pain medication and emergency surgery on his wrist/forearm. *Id.* at 4. Apparently, plaintiff had

1  been evaluated by other doctors prior to being seen by Smith.  Those doctors recommended that
2  plaintiff receive urgent surgery to avoid a long-term disability.  *Id.* at 5.  Plaintiff alleges that
3  during the first visit, Smith ordered the removal of his cast (leaving his wrist and forearm
4  unprotected) without looking at x-rays/MRIs or examining his injuries in person, and despite the
5  recommendations from the other doctors that he remain in the cast until he was able to have
6  surgery.[1]  *Id.* at 3, 6-8, 14-15.  Plaintiff pleaded with Smith, informing her that he was in "serious
7  agony" due to fractures, broken bones, and a misaligned wrist, yet she refused to treat him in any
8  way.  *Id.* at 6.  According to plaintiff, Smith simply ignored his repeated requests for narcotic pain
9  medication even though she knew that plaintiff "was accepted into CDCR custody with a
10 specified need of narcotic pain medication."  *Id.* at 4-5, 6, 9, 15-16.  Plaintiff alleges further, that
11 by failing to properly evaluate his injuries, prescribe the proper treatment, and recommend to the
12 Chief Medical Officer that plaintiff receive surgery, Smith effectively delayed his surgery and
13 caused his arm to become deformed and permanently injured.  *Id.* at 5, 8-14, 16.  Plaintiff
14 eventually received surgery on November 6, 2018.  *Id.* at 11.

   For these reasons, plaintiff is granted leave to amend and this action proceeds on his
16 second amended complaint.  As a result, defendant's motion to dismiss is denied as moot.[2]

17   Accordingly, IT IS ORDERED that:

18   1.  Plaintiff's motion for leave to amend the complaint (ECF No. 33) is GRANTED.
19   2.  Defendant's motion to dismiss (ECF No. 31) is DENIED as moot.
20   3.  Plaintiff's second amended complaint (ECF No. 34) alleges a viable Eighth
21       Amendment deliberate indifference claim against defendant Renee Smith.

22 DATED:  July 31, 2020.

            _____
            EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff alleges that an unknown medical provider subsequently provided him with a splint in December of 2017.  *Id.* at 9.

[2] Once defendant files an answer to the second amended complaint (ECF No. 34), the court will issue a discovery and scheduling order allowing for the parties to engage in discovery.