1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   STEVEN ERIC GOULD,                          Case No.   2:18-cv-01981-JAM-JDP (PC)

12                  Plaintiff,                     ORDER THAT:

13          v.                                     DEFENDANT'S MOTION TO COMPEL IS
                                                   DENIED AS MOOT
14   RENEE SMITH,
                                                   ECF No. 47
15                  Defendant.
                                                   PLAINTIFF'S MOTION TO STRIKE IS
16                                                 DENIED

17                                                 ECF No. 56

18                                                 FINDINGS AND RECOMMENDATIONS
                                                   THAT DEFENDANT'S MOTION FOR
19                                                 SUMMARY JUDGMENT BE GRANTED

20                                                 ECF No. 53

21                                                 OBJECTIONS DUE IN 14 DAYS

22

23          Plaintiff Steven Eric Gould alleges that defendant Renee Smith was deliberately

24   indifferent to his serious medical needs when she caused surgical repair for his hand and wrist to

25   be delayed.  ECF No. 34 at 5.  He also alleges that, prior to surgery, defendant was deliberately

26   indifferent in failing to prescribe him adequate pain medication and in ordering a nurse to remove

27   a cast that had been protecting the relevant injury.  *Id.* at 6-7.

28

1

1    Defendant has filed a motion for summary judgment arguing that the record evidence,

2    including declarations from another physician, shows that her care was not deliberately

3    indifferent.  ECF No. 53.  That argument is persuasive, and I recommend that summary judgment

4    be entered in her favor.  In light of that recommendation, I deny defendant's motion to compel,

5    ECF No. 47, as moot.  I also deny plaintiff's motion to strike, ECF No. 56, as meritless.

6                                    **Motion to Strike**

7    After defendant filed her motion for summary judgment, plaintiff moved to strike one of

8    the declarations attached thereto.  ECF No. 56.  He argues that the declaration of Glenn D. Cohen,

9    M.D., violates the Health Insurance Portability and Accountability Act ("HIPAA") because it

10   discusses plaintiff's confidential medical information without first having obtained his consent.

11   *Id.* at 2.  This argument is meritless.  As defendant notes, the medical information discussed by

12   Dr. Cohen was obtained pursuant to a subpoena issued to Riverside University Health Systems.

13   ECF No. 59 at 10-13.  Defendant's counsel attests that a copy of the subpoena was mailed to

14   plaintiff and that he declined to object to it.  *Id.* at 7.  In any event, the Ninth Circuit has held that

15   "HIPAA does not provide any private right of action, much less a suppression remedy."  *United*

16   *States v. Streich*, 560 F.3d 926 (9th Cir. 2009).  His motion to strike is denied.

17                              **Motion for Summary Judgment**

18       **A.    Legal Standards**

19            **1.    Summary Judgment Standard**

20   Summary judgment is appropriate where there is "no genuine dispute as to any material

21   fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Washington*

22   *Mutual Inc. v. United States*, 636 F.3d 1207, 1216 (9th Cir. 2011).  An issue of fact is genuine

23   only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party,

24   while a fact is material if it "might affect the outcome of the suit under the governing law."

25   *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.*, 818

26   F.2d 1422, 1436 (9th Cir. 1987).

27   Rule 56 allows a court to grant summary adjudication, also known as partial summary

28   judgment, when there is no genuine issue of material fact as to a claim or a portion of that claim.

2

1    *See* Fed. R. Civ. P. 56(a); *Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule

2    56 authorizes a summary adjudication that will often fall short of a final determination, even of a

3    single claim . . . .") (internal quotation marks and citation omitted).  The same standards apply on

4    a motion for summary judgment and a motion for summary adjudication.  *See* Fed. R. Civ. P.

5    56(a), (c); *Mora v. Chem-Tronics*, 16 F. Supp. 2d 1192, 1200 (S.D. Cal. 1998).

6         Each party's position must be supported by (1) citations to particular portions of materials

7    in the record, including but not limited to depositions, documents, declarations, or discovery; or

8    (2) argument showing that the materials cited do not establish the presence or absence of a

9    genuine factual dispute or that the opposing party cannot produce admissible evidence to support

10   its position.  *See* Fed. R. Civ. P. 56(c)(1) (quotation marks omitted).  The court may consider

11   other materials in the record not cited to by the parties, but it is not required to do so.  *See* Fed. R.

12   Civ. P. 56(c)(3); *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir.

13   2001); *see also Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

14        "The moving party initially bears the burden of proving the absence of a genuine issue of

15   material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  To meet its burden, "the

16   moving party must either produce evidence negating an essential element of the nonmoving

17   party's claim or defense or show that the nonmoving party does not have enough evidence of an

18   essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins.*

19   *Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  If the moving party meets this

20   initial burden, the burden then shifts to the nonmoving party "to designate specific facts

21   demonstrating the existence of genuine issues for trial." *In re Oracle Corp. Sec. Litig.*, 627 F.3d

22   376, 387 (citing *Celotex Corp.*, 477 U.S. at 323).  The non-moving party must "show more than

23   the mere existence of a scintilla of evidence." *Id.* (citing *Anderson*, 477 U.S. at 252).  However,

24   the non-moving party is not required to establish a material issue of fact conclusively in its favor;

25   it is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the

26   parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors*

27   *Assoc.*, 809 F.2d 626, 630 (9th Cir. 1987).

28

1    The court must apply standards consistent with Rule 56 to determine whether the moving

2    party has demonstrated that there is no genuine issue of material fact and that judgment is

3    appropriate as a matter of law.  *See Henry v. Gill Indus., Inc.*, 983 F.2d 943, 950 (9th Cir. 1993).

4    "[A] court ruling on a motion for summary judgment may not engage in credibility

5    determinations or the weighing of evidence."  *Manley v. Rowley*, 847 F.3d 705, 711 (9th Cir.

6    2017) (citation omitted).  The evidence must be viewed "in the light most favorable to the

7    nonmoving party" and "all justifiable inferences" must be drawn in favor of the nonmoving party.

8    *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 772 (9th Cir. 2002); *Addisu v. Fred Meyer, Inc.*,

9    198 F.3d 1130, 1134 (9th Cir. 2000).

10              **2.        Eighth Amendment Deliberate Indifference to Medical Needs**

11    "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate

12    must show 'deliberate indifference to serious medical needs.'"  *Jett v. Penner*, 439 F.3d 1091,

13    1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The two-part test for

14    deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by

15    demonstrating that 'failure to treat a prisoner's condition could result in further significant injury

16    or the unnecessary and wanton infliction of pain,'" and (2) that "the defendant's response to the

17    need was deliberately indifferent."  *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d

18    1050, 1059 (9th Cir. 1992)).  "This second prong—defendant's response to the need was

19    deliberately indifferent—is satisfied by showing (a) a purposeful act or failure to respond to a

20    prisoner's pain or possible medical need and (b) harm caused by the indifference."  *Id.* (citing

21    *McGuckin*, 974 F.2d at 1060).  Indifference may be manifest "when prison officials deny, delay

22    or intentionally interfere with medical treatment, or it may be shown by the way in which prison

23    physicians provide medical care."  *Id.*  When a prisoner alleges a delay in receiving medical

24    treatment, the delay must have led to further harm for the prisoner to make a claim of deliberate

25    indifference to serious medical needs.  *See McGuckin*, 974 F.2d at 1060 (citing *Shapely v. Nevada

26    Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

27

28

4

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." *Id.* (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002)). "A showing of medical malpractice or negligence is insufficient to establish a constitutional deprivation under the Eighth Amendment." *Id.* at 1060. "[E]ven gross negligence is insufficient to establish a constitutional violation." *Id.* (citing *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990)). Additionally, a difference of opinion between an inmate and prison medical personnel—or between medical professionals—on appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. *See Toguchi*, 391 F.3d at 1058; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

### B.    Background

Plaintiff alleges that, between November 2017 and January 2018, defendant was charged with caring for injuries to his arm, wrist, and hand. ECF No. 34 at 4-5. He alleges that his requests for emergency surgery and strong pain medication were both denied by defendant. *Id.* at 4. Plaintiff claims that defendant's denial of those requests exposed him to unnecessarily high levels of pain and caused his injuries to heal improperly after surgery was performed. *Id.* at 5-6.

In one specific incident that occurred on November 8, 2017, plaintiff alleges that defendant ordered a nurse to remove a cast that other, unnamed doctors had recommended that he wear. *Id.* at 6-7. He claims that the removal of the cast caused intense pain. *Id.*

Plaintiff claims that, because of defendant's deliberate indifference, he did not undergo surgery until November 2018. *Id.* at 13-14. He alleges that, despite extensive physical therapy after the surgery, he was left with a permanent deformity in his arm. *Id.* at 14.

C.    **Analysis**

Defendant argues that she provided plaintiff with adequate care for his injuries.  She states that she delayed recommending surgery for plaintiff's injury and, instead, referred him to physical therapy in order to increase his range of motion in the forearm area.  ECF No. 53 at 4.  Defendant believed that increasing plaintiff's range of motion was a prerequisite to successful surgery.  *Id.* To that end, she advised him that removing his splint (or cast, as he refers to it) was necessary.  *Id.* at 3.  She did not prescribe pain medication for plaintiff's injury because she found no "clinical indication" that the medication was appropriate, at least not until a period of more "conservative management" was completed.  *Id.* at 12.

Defendant has submitted the declaration of Glenn D. Cohen, M.D., in support of her motion.  ECF No. 53-3.  Dr. Cohen is an orthopedic surgeon whose education and experience qualifies him to opine on the treatment of hands, wrists, forearms, and elbows.  *Id.* at 2, 12-14. He states that, after review of the medical files, it is his opinion that defendant's care was adequate.  *Id.* at 7.  Dr. Cohen agrees with defendant's decision to attempt physical therapy prior to the prescription of pain medication or a referral for surgery.  *Id.* at 8.  He also states that defendant's decision to remove plaintiff's splint was consistent with her goal of increasing his range of movement prior to surgery.  *Id.* at 7.  It is Dr. Cohen's opinion that defendant's care did not contribute to any persistent impairment to plaintiff's arm.  *Id.* at 9.  Finally, he states that plaintiff has incorrectly relied on unqualified medical providers for the proposition that quicker surgery was necessary.  He points out that Drs. Kryziak, Silva, and Lyons, the providers whom plaintiff alleges recommended immediate surgery, are not orthopedic surgeons.  *Id.* at 8.  They practice internal medicine, family medicine, and emergency medicine.  *Id.*  It is Dr. Cohen's opinion that it would have been an error in judgment for defendant to approve surgery based solely on the recommendations of these non-experts.  *Id.* at 9.

For his part, plaintiff has not offered any substantive opposition to defendant's motion. Most of his opposition is devoted to restating his allegations against defendant.  He has not offered any evidence in support of those claims except his own declaration.  ECF No. 55 at 11-16. This is insufficient to defeat a properly supported motion for summary judgment.  *See Hansen v.*

1   *United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("When the nonmoving party relies only on its own

2   affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by

3   factual data to create an issue of material fact.").  Faced with Dr. Cohen's affidavit, I conclude

4   that no reasonable finder of fact could conclude that defendant acted with deliberate indifference.

5   At best, plaintiff might be able to demonstrate that defendant acted with negligence in pursuing a

6   more conservative course of treatment instead of recommending surgery immediately.  He

7   cannot, however, show that her chosen course of treatment "was medically unacceptable under

8   the circumstances," and chosen "in conscious disregard of an excessive risk to [his] health."  *See*

9   *Toguchi*, 391 F.3d at 1058 (quoting *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996)).

10        Based on the foregoing, it is ORDERED that:

11        1.  Defendant's motion to compel, ECF No. 47, is denied as moot.

12        2.  Plaintiff's motion to strike, ECF No. 56, is denied.

13        Further, it is RECOMMENDED that:

14        1.  Defendant's motion for summary judgment, ECF No. 53, be granted.

15        2.  Judgment be entered in her favor and against plaintiff.

16        3.  The Clerk of Court be directed to close the case.

17      I submit these findings and recommendations to the district judge under 28 U.S.C.

18   § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court,

19   Eastern District of California.  Within 14 days of the service of the findings and

20   recommendations, any party may file written objections to the findings and recommendations

21   with the court and serve a copy on all parties.  That document should be captioned "Objections to

22   Magistrate Judge's Findings and Recommendations."  The district judge will review the findings

23   and recommendations under 28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the

24   specified time may result in the waiver of rights on appeal.  *See Wilkerson v. Wheeler*, 772 F.3d

25   834, 839 (9th Cir. 2014).

26

27

28

IT IS SO ORDERED.


Dated:    September 16, 2021                                                                                    
                                                JEREMY D. PETERSON
                                                UNITED STATES MAGISTRATE JUDGE

8